THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:11cv563
[Criminal Case No. 3:09cr105]

| | | |
|---|---|---|
| GARVIN A. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

On September 11, 2010, the undersigned sentenced the Petitioner to 86 months imprisonment for his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). [Criminal Case No. 3:09cr105, Doc. 15]. The Petitioner did not appeal his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. As a result, his conviction became final 14 days after the entry of Judgment in Petitioner's case, that is, on September 27, 2010. Fed.R.App.P. 4(b)(1)(A)(1) & (6) (providing a 14-day period after entry of Judgment in criminal docket for giving

notice of appeal); Fed.R.Crim.P. 45(a) (including intermediate Saturdays, Sundays and legal holidays in computation of filing deadlines unless last day is a Saturday, Sunday or legal holiday, in which case the period continues to run until the end of the next day that is not Saturday, Sunday, or legal holiday); Fed.R.App.P 26(a)(1) (same); Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

On October 27, 2011, the Petitioner signed the pending motion pursuant to 28 U.S.C. §2255 under penalty of perjury. [Doc. 1, at 6]. A copy of the mailing certificate shows that prison authorities mailed the motion on October 28, 2011. [Doc. 1-1]. The Court therefore finds that October 27, 2011 is the date the Petitioner delivered his motion to prison authorities for mailing. United States v. Belcher, 53 F. App'x. 308 (4th Cir. 2002) ("Belcher signed his §2255 motion on January 2, 2001, which is the date this court considers to be the filing date.") (citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)); United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (using date prisoner signed motion). Thus, although the motion was not filed until received on November 7, 2011, it was delivered to prison authorities for mailing on October 27, 2011.

Section 2255(f)(1) of Title 28 provides that a one year period of limitation applies to a motion pursuant to §2255. Because the Defendant did not file a

direct appeal, the statute provides that the period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1) ("The limitation period shall run from ... the date on which the judgment of conviction becomes final."). As noted, the Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to §2255, on September 27, 2010. United States v. Walters, 176 Fed.Appx. 400 (4th Cir. 2006). The Petitioner's motion, signed October 27, 2011, therefore appears to be untimely.

> The Fourth Circuit Court of Appeals has concluded that
>
> when a federal habeas court, prior to trial, perceives a *pro se* [§2255] petition to be untimely and the [Government] has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to [§2255(f)] absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [§2255(f)].

Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); accord, United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

> The circumstances enumerated in §2255(f) are:
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

"Equitable tolling applies to the statute of limitations in §2255 proceedings." United States v. Oriakhi, 394 F. App'x. 976 (4th Cir. 2010) (citing Holland v. Florida, __ U.S. __,130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)), cert. denied __ S.Ct. __, 2011 WL 4531300 (2011).  It is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)), cert. denied 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004).  In order to show entitlement to equitable tolling, a petitioner must present "(1) extraordinary circumstances; (2) beyond his control or external to his own conduct; (3) that prevented him from filing on time" and that he exercised

"reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dept. Corrections, 145 F.3d 616, 617 (3rd Cir. 1998); Oriakhi, supra., (quoting Holland, 130 S.Ct. at 2562-65); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (prisoner must be precluded from compliance by circumstances external to his own conduct).

The Court will provide the Petitioner with an opportunity to show why his motion pursuant to §2255 may be considered.

**IT IS, THEREFORE, ORDERED** that on or before forty (40) days from entry of this Order, the Petitioner shall file explanation why his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] may be considered by the Court. Failure to file such explanation may result in the dismissal of this motion as untimely without further notice.

Signed: November 30, 2011

Martin Reidinger
United States District Judge